## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANET KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **CIVIL ACTION** |
| v. | ) | |
| | ) | **No. 16-1010-JWL** |
| CAROLYN W. COLVIN, | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance benefits (DIB) and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act.  42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act).  Finding the Administrative Law Judge (ALJ) erred in evaluating Dr. Purohit's treating source opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for proceedings consistent herewith.

### I.    Background

Plaintiff applied for both DIB and SSI benefits, alleging disability beginning November 27, 2012.  (R. 75, 214, 221).  Plaintiff exhausted proceedings before the

Commissioner, and now seeks judicial review of the final decision denying benefits.  She argues that the ALJ erred in evaluating Dr. Purohit's opinion.

The court's review is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."  Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005).  Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion.  Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability.  20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1).  Williams, 844 F.2d at 750-51.  After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC).  20 C.F.R. §§ 404.1520(e), 416.920(e).  This assessment is used at both step four and step five of the sequential evaluation process.  Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy.  Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084).  In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work.  Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2.

3

At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed.  Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

## II.     Discussion

Plaintiff argues that the ALJ "violated the treating source rule because he failed to give good reasons for discounting portions of" Dr. Purohit's opinion while purporting to accord weight to other portions.  (Pl. Br. 14, 15-16).[1]  She also argues that the ALJ did not assess social limitations opined by Dr. Purohit which he purported to accept.  Id. at 16. The Commissioner argues that the ALJ properly considered the medical source opinions in determining that Plaintiff's mental impairments allow her to perform a range of unskilled work.  (Comm'r Br. 7-14).  She argues that certain "favorable objective medical findings provide substantial evidence supporting the Commissioner's decision."  Id. at 8. She acknowledged Dr. Purohit's opinion that Plaintiff had moderate limitations in the "abilities to remember locations and work-like procedures; to understand, remember, and carry out short, simple instructions; to sustain an ordinary routine without special supervision; to make simple work-related decisions; to interact appropriately with the general public; to ask simple questions or to request assistance; to maintain socially appropriate behavior; to respond appropriately to changes in the work setting; and to be

---

[1]Plaintiff's counsel has once again failed to number the pages in her briefs.  The court has used the numbers provided by the software it uses to open the .pdf document filed in its CM/ECF system.  In the future, counsel shall include page numbers printed on each page of her briefs.

aware of normal hazards and take appropriate precautions," and asserts that "Dr. Purohit's opinion in these regards was supported by the favorable objective medical findings discussed above" and "by Plaintiff's own reports." (Comm'r Br. 10). And, the Commissioner acknowledges that "the ALJ did not adopt more restrictive elements of Dr. Purohit's opinion, such as more restrictive social limitations," but she argues that "the issue is not whether Plaintiff's position was supported by substantial evidence, but whether the **ALJ's** decision was so supported." Id. at 11 (bold in original). She argues that, contrary to Plaintiff's assertions, the ALJ relied both on inconsistencies between Dr. Purohit's opinion and the medical record in addition to the fact that Dr. Purohit's treatment notes did not address Plaintiff's substance abuse in discounting portions of Dr. Purohit's medical opinion. Id. at 12. She explains why, in her view, Plaintiff's substance abuse and Plaintiff's inconsistencies in relating her history of substance abuse justify discounting Dr. Purohit's opinion. Id. at 13. She concludes her argument, asserting "[f]or the reasons discussed above, Dr. Purohit's opinion to the extent adopted was more consistent with the favorable mental functional findings discussed above than were Dr. Purohit's more favorable limitations." Id. at 14 (emphasis added).

## A. Standard for Evaluating Treating Source Opinions (The Treating Physician Rule)

A treating physician's opinion about the nature and severity of Plaintiff's impairments should be given controlling weight by the Commissioner if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent

with other substantial evidence in the record.  Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).  When a treating physician opinion is not given controlling weight, the ALJ must nonetheless specify what lesser weight he assigned the treating physician's opinion.  Robinson v. Barnhart, 366 F.3d 1078, 1083 (10th Cir. 2004).

A treating source opinion which is not entitled to controlling weight is "still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927."  Watkins, 350 F.3d at 1300.  Those factors are:  (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.  Id. at 1301; 20 C.F.R. §§ 404.1527(c)(2-6), 416.927(c)(2-6); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)).  However, the court will not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  Oldham v. Astrue, 509 F.3d 1254, 1258 (10th Cir. 2007) (quoting Watkins, 350 F.3d at 1300).

After considering the above factors, the ALJ must give good reasons for the weight he ultimately assigns the opinion.  If the ALJ rejects the opinion completely, he must give specific, legitimate reasons for doing so.  <u>Watkins</u>, 350 F.3d at 1301.

**B.     The ALJ's Findings**

In assessing Plaintiff's RFC, the ALJ found that mentally "she is limited to simple unskilled work with no contact with the general public."  (R. 80) (bolding omitted).  The record contains only two medical opinions regarding Plaintiff's mental abilities and limitations, and the ALJ assessed both opinions.  <u>Id.</u> at 83.  Because the state agency psychologist who reviewed the record evidence did not have access to evidence provided after his review and because the psychologist did not examine Plaintiff, the ALJ accorded little weight to his opinion that Plaintiff's mental impairments are not severe,.  <u>Id.</u>  The ALJ then explained his relative evaluation of the treating source psychiatrist's opinion:

> The undersigned gives greater weight to the opinions of Parimal Purohit,
> M.D., as he has a longitudinal treating relationship with the claimant.  Dr.
> Purohit opines the claimant is markedly limited in her ability to understand,
> remember and carry out detailed instructions but only moderately limited in
> her ability to understand, remember and carry out simple instructions.  He
> further opines she is markedly limited in her ability to work in proximity to
> others though just moderately so in working with the general public (Exh
> 10F/2-3).  While giving some weight to Dr. Purohit's opinions, the
> undersigned does not give them great weight because his records of
> treatment are largely silent regarding her substance abuse, noting only that
> she has a history of cannabis abuse (Exh 4F/4).  However, the residual
> functional capacity assessment set forth in [t]his[2] decision reflects his

---

[2]The court finds that the word used here should be "this" instead of "his," reflects a typographical error, and actually refers to the RFC assessed by the ALJ rather than the opinions expressed by Dr. Purohit in his Medical Source Statement.      (continued . . . )

opinions insofar that she has problems with social interaction and detailed instructions.

(R. 83).

### C.    Analysis

As Plaintiff argues, the ALJ did not accept social limitations opined by Dr. Purohit which the ALJ purported to accept.  The ALJ stated that his decision reflects Dr. Purohit's "opinions in so far as [Plaintiff] has problems with social interaction."  (R. 83). And, he acknowledged Dr. Purohit's opinions that Plaintiff is markedly limited in her ability to work in proximity to others and moderately limited in working with the general public.  (R. 83).   Yet, the only social limitation assessed was that Plaintiff should have "no contact with the general public."  (R. 80) (bolding omitted).  Thus, it would appear that the ALJ limited Plaintiff to no contact with the general public because Dr. Purohit

_____

The court  makes this finding for a number of reasons.  First, as the ALJ is no doubt aware, RFC is an issue reserved to the Commissioner and assessed by the adjudicator, and may never be assessed by a treating physician.  A Medical Source Statement, on the other hand is a medical opinion submitted by an acceptable medical source such as a treating physician or psychologist regarding an individual's physical or mental capabilities.  See e.g., 20 C.F.R. §§ 404.1513, 404.1527(d)(2), 404.1545, 404.1546, 416.913, 416.927(d)(2), 416.945, 416.946; Soc. Sec. Ruling (SSR) 96-5p, West's Soc. Sec. Reporting Serv. 123-24, 125-26 (Supp. 2016); SSR 96-8p, West's Soc. Sec. Reporting Serv. 150, n.8 (Supp. 2016).  Moreover, Plaintiff submitted Dr. Purohit's opinion as a Medical Source Statement (R. 712), it is captioned "Medical Source Statement - Mental" (R. 713), and it is identified in the Court Transcript Index as Exhibit 10F--a Medical Source Statement.  (R. Index3).  The ALJ's use of the word "however" at the beginning of this sentence demonstrates that he is contrasting the opinions expressed by Dr. Purohit with the RFC the ALJ assessed, and explaining that although he discounted Dr. Purohit's opinion, the RFC he assessed reflects Dr. Purohit's opinions regarding problems with social interaction and detailed instructions.  Finally, it would be meaningless, or at least redundant, to state that Dr. Purohit's RFC Assessment reflects Dr. Purohit's opinions.

8

opined she was only moderately limited in this ability, but provided no limitation on working in proximity with others despite Dr. Purohit's opinion that she was markedly limited in this ability.  Despite the ALJ's contrary finding, the ALJ's mental limitations do not reflect Dr. Purohit's opinions regarding social interactions at work.  The court recognizes that an ALJ is not required to accept a treating physician's opinion, but he is required to explain why he did not do so.  Here, he appears to state that he accepted Dr. Purohit's opinions regarding social interaction, but he did not account for the opinion regarding working with others, and he did not explain specifically how he handled that opinion or why he rejected it, if that was the case.  This error alone is sufficient to require remand for a proper evaluation and explanation of Dr. Purohit's opinion, but the court finds error at even a more basic level.

As Plaintiff's Brief suggests, the ALJ did not provide specific, legitimate reasons to discount Dr. Purohit's opinion.  The ALJ stated that he discounted Dr. Purohit's opinion because his treatment records "are largely silent regarding her substance abuse, noting only that she has a history of cannabis abuse."  (R. 83).  As an initial matter, the court does not understand how silence regarding substance abuse renders Dr. Purohit's opinions suspect or unreliable.  The implication of such a rationale is that if Dr. Purohit did not adequately consider substance abuse, he may not realize that her restrictions were due to substance abuse rather than due to her other mental impairments and did not discount the limitations resulting from such substance abuse.

However, although the Act and the regulations prohibit awarding disability benefits where drug addiction or alcoholism is a contributing factor material to the determination of disability, they also require that the effects of drug addiction and alcoholism be included when determining in the first instance whether the claimant is disabled, and that only if the claimant is found disabled will the agency determine whether drug addiction or alcoholism is a contributing factor material to that determination. 20 C.F.R. §§ 404.1535, 416.935. Therefore, if the treating physician separates the effects of drug addiction or alcoholism from the effects resulting from the claimant's other impairments, it may be helpful in the agency's contributing factor determination. But it is not essential to that determination, and it is essential that the effects of all impairments be considered together in order to determine in the first instance if the claimant is disabled. Therefore, whether Dr. Purohit separated Plaintiff's substance abuse from her other mental impairments or whether he specifically discussed them separately is irrelevant to the weight accorded his opinions in determining disability in the first instance. If Plaintiff were determined to be disabled when considering all of her impairments including drug addiction and alcoholism, it would then be necessary for the ALJ to consider Plaintiff's limitations if she "stopped using drugs or alcohol." 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1). Then, but only then, Dr. Purohit's separation of the effects of drug addiction and alcoholism from the effects of her other mental impairments might become relevant to the weight to be accorded Dr. Purohit's medical opinion. That is not the case here. Although the ALJ stated that substance abuse "is not a factor that is

material to the present decision" (R. 80), that statement was not necessary to the decision because the ALJ did not find Plaintiff disabled in the first instance, and the statement is merely dicta irrelevant to the decision at issue.

Further, the ALJ acknowledged that Dr. Purohit recognized Plaintiff's history of cannabis abuse.  And a fair reading of Dr. Purohit's treatment notes suggests that he was concerned regarding the possibility Plaintiff might abuse her prescription medications. This is so because the record indicates Dr. Purohit's staff continually and consistently checked their records before Dr. Purohit refilled Plaintiff's prescriptions, and on several occasions they refused to refill the prescription because her request was too early.

The Commissioner's arguments do not change the court's analysis.  The Commissioner acknowledges nine moderate limitations opined by Dr. Purohit, and asserts that these limitations are supported by the objective medical findings.  (Comm'r Br. 10). And she recognizes that the ALJ did not adopt the "more restrictive elements of Dr. Purohit's opinion." Id. at 11.  Thereby she implies that the ALJ adopted (or should have adopted) the nine moderate limitations Dr. Purohit opined.

But, once again, the only mental limitations assessed by the ALJ were that "she is limited to simple unskilled work with no contact with the general public."  (R. 80) (bolding omitted).  On its face, this assessment does not seem to account for the nine moderate limitations, and the ALJ did not explain what he found to be their relationship. Moreover, none of the nine moderate limitations were specifically included in the hypothetical questions presented to the vocational expert (VE).  (R. 111-13).  Thus, the

VE did not opine that a person with such limitations would be able to perform work in the economy.

The ALJ presented his first hypothetical based on Exhibit 5F--Dr. Purohit's Medical Source Statement--and the VE opined that hypothetical would preclude all work in the economy.  Id. at 111-12.  Although the ALJ specifically identified in his hypothetical only the limitations Dr. Purohit classified as markedly limited, Exhibit 5F also contained the nine moderate limitations, thus suggesting that the VE's response was also based at least in part on the moderate limitations.  Although the court is not a VE qualified to opine on the issue, it recognizes that in cases it has reviewed in the past VEs have testified that multiple moderate limitations by themselves might be sufficient to preclude all work.  While it cannot opine that point has been reached in this case, that uncertainty also suggests that remand is necessary for the issue to be addressed by a VE.

Finally, although the Commissioner argues that Dr. Purohit's failure to address substance abuse is not the only basis to discount Dr. Purohit's opinion, it was the only basis articulated by the ALJ.  Therefore, in these circumstances the other bases are nothing more than the Commissioner's post-hoc justifications for the ALJ's decision, and because they are not apparent from the ALJ's decision, the court may not rely upon them to affirm that decision.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005); Knipe v. Heckler, 755 F.2d 141, 149 n.16 (10th Cir. 1985).

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be

REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42

U.S.C. § 405(g) REMANDING the case for further proceedings consistent herewith.

Dated this 6th day of December 2016, at Kansas City, Kansas.


s:/ John W. Lungstrum_____
**John W. Lungstrum**
**United States District Judge**

13